419 A.2d 663

**Robert MYERS and Laura Grace Myers, husband and wife, Appellants,**

v.

**Benjamin B. GOLD and Laura Grace Myers.**

Superior Court of Pennsylvania.

Argued Nov. 12, 1979.

Filed April 3, 1980.

Alvin B. Coppolo, St. Marys, for appellants.

Joseph J. Lee, Clearfield, for Benjamin B. Gold, appellee.

Charles C. Brown, Jr., Bellefonte, for Laura Grace Myers, appellee.

Before HESTER, MONTGOMERY and LIPEZ, JJ.

HESTER, Judge:

This is an appeal from the order of the Court of Common Pleas, Civil Division of Clearfield County at No. 76–2239, denying appellants' motion for new trial. The procedural history and facts relevant to the issues on appeal are as follows:

Appellant Laura Grace Myers was the driver of a 1968 Chevrolet. On July 21, 1974, she decided to visit her parents, accompanied by her husband, appellant Robert Myers. He was sitting in the right front passenger seat at the time of a collision which occurred at approximately 11:55 P.M., at a "T" intersection of Pennsylvania Legislative Routes 879

and 17068, which is situated in the Township of Karthaus. L.R. 879 runs generally in an east–west direction as does L.R. 17068. At a point approximately one mile from the Village of Karthaus, L.R. 879 makes a right angle turn to the south. At the point of the turn, L.R. 17068 has its junction with L.R. 879.

Prior to the accident, appellants were traveling in an easterly direction on L.R. 879, and appellee was traveling in a westerly direction on L.R. 17068. It was a clear night, the pavement was dry, and both drivers had their lights on. An operator traveling east on L.R. 879 had clear vision of the intersection for a distance of 450–500 feet, and clear vision in an easterly direction of L.R. 17068, beyond the point of intersection for a distance between 750 and 1200 feet. A person traveling west on L.R. 17068 had clear vision of the intersection for a distance of 750 to 1250 feet. Appellants were following a car for several miles prior to the intersection at a speed of approximately 45 miles an hour. As they approached the intersection, the car immediately in front of appellants signaled its intention to turn right on L.R. 879 by means of a curved accessway on his right, some distance prior to the intersection where the collision occurred. At that time, appellant Laura Grace Myers testified she was able to see the appellee's car, which was then 150 to 160 feet from the turn in the road. Appellee indicated his intention to turn left, across appellants' line of travel southerly on to L.R. 879. Appellee made his left turn and a collision with appellants' car occurred. Appellant Robert Myers stated appellee's car was stopped in the intersection for approximately five seconds prior to the impact.

Appellee testified he saw appellants' car at a distance of approximately 156 feet. It was following another car which turned right on to the curved accessway to L.R. 879. Appellee hesitated at the intersection for a moment, then made his left turn, but did not see appellants' car until he was well into his turn, even though he had looked easterly on three occasions during the course of his turn.

Appellants initiated an action in trespass for personal injuries and property damage sustained in the collision. Appellee filed an answer, and joined appellant Laura Grace Myers as an additional defendant. The case was tried before the Honorable John K. Reilly, Jr. and a jury. The jury found that neither appellant Laura Myers nor appellee was negligent, and the trial court denied appellants' motion for a new trial. This timely appeal followed.

Appellants first contend the verdict was against the weight of the evidence. We have held that the decision to either grant or deny a motion for new trial is within the sound discretion of the trial court and will be reversed on appeal only if the appellate court determines the trial court palpably abused its discretion. *Ditz v. Marshall*, 259 Pa.Super. 31, 393 A.2d 701 (1978). Our Supreme Court has held that a new trial should be granted only where the verdict is so contrary to the evidence as to shock one's sense of justice. *Burrell v. Philadelphia Electric Company*, 438 Pa. 286, 265 A.2d 516 (1970). A new trial should not be granted where the evidence is conflicting and the jury might have found for either party, nor where the trial judge would have reached a different conclusion on the same facts. *Burrell v. Philadelphia Electric Company*, supra. Appellants agree with this statement of the law but argue that the trial court reviewed the evidence in a light most favorable to the verdict winner. We agree that the trial court should have examined all the evidence. *Albert v. Alter*, 252 Pa.Super. 203, 381 A.2d 459 (1977). However, our independent review of the record indicates that the verdict is not such as would shock one's sense of justice, except as to appellant Robert Myers, the passenger. The evidence is conflicting as to whether appellee drove across appellants' lane of traffic without hesitation, pulled into the lane, momentarily stopped and accelerated, or pulled into the eastbound lane and stopped for a period of five seconds, when he was struck by the appellants' car. This is precisely the type of conflicting evidence contemplated by the Supreme Court in the *Burrell* (supra) case. The jury apparently resolved the conflicts in the evidence against appellant Laura Grace Myers.

However, the aforementioned facts do not substantiate the finding of the jury that neither driver was negligent. Although appellant Robert Myers' testimony would tend to show negligence on the part of his wife, resolving the conflicts in testimony in favor of appellant Laura Grace Myers indicates negligence on the part of appellee.

Therefore, as to appellant Robert Myers, we hold that the trial court palpably abused its discretion in failing to grant him a new trial. *Ditz v. Marshall*, supra.

Accordingly, the order of the trial court denying appellant Laura Grace Myers' motion for new trial is affirmed, and the order denying appellant Robert Myers' motion for new trial is vacated and his case is remanded for a new trial.