525 A.2d 245

**Richard W. SMITH**

v.

**Dorothy MILLER.**

**No. 1352, Sept. Term, 1986.**

Court of Special Appeals of Maryland.

May 8, 1987.

---

James F. Garrity, Towson, for appellant.

Donna R. Heller, Staff Atty. (J. Joseph Curran, Jr., Atty. Gen. and Joseph B. Spillman, Asst. Atty. Gen., on brief), Baltimore, for appellee.

Argued before WILNER and KARWACKI, JJ., and A. OWEN HENNEGAN, Associate Judge of the Third Judicial Circuit, Specially Assigned.

KARWACKI, Judge.

At the conclusion of oral argument in this appeal on April 16, 1987, we directed the immediate issuance of this Court's mandate reversing the judgment of the Circuit Court for Baltimore County. We now explain our reasons for that reversal.

Dorothy Miller, the appellee, filed a petition in the Circuit Court for Baltimore County alleging that Richard W. Smith, the appellant, was the father of a child born to her on April 29, 1985. The appellant denied paternity, and that issue was tried before a jury, which returned a verdict that the appellant was not the father of appellee's child. Appellee moved for judgment notwithstanding the verdict of the jury pursuant to Rule 2–532. She filed no motion for a new trial under Rule 2–533. The court granted the judgment n.o.v., ruled that the appellant was the father of appellee's child, and ordered that the appellant contribute to the support of that child. That judgment is the subject of this appeal.

The evidence offered at trial was brief. The only witnesses were the appellant and the appellee. In addition, the child whose paternity was at issue was exhibited to the jury so that they could judge any resemblance between the baby and the appellant.

It was uncontested that appellant and appellee had sexual intercourse on one occasion in mid-July 1984. This occurred after the appellant picked up the appellee who was walking along Old Middleborough Road in southeastern Baltimore County at 3:00 a.m. Both parties testified that they had never met before this occasion. Their respective versions of this chance meeting differed as to whether appellee was hitchhiking at the time, as recalled by the appellant, or whether she was invited into his car by the appellant, as related by the appellee. They agreed, however, that appellant, accompanied by appellee, then drove to the home of his

parents, for whom he was "house sitting" in their absence. There, after some conversation, "one thing led to another" and they engaged in intercourse. Appellee testified that on that occasion appellant told her his name was "Robert Williams," but appellant denied this alleged misrepresentation.

Approximately two weeks later, appellant unexpectedly met appellee on a public street in the neighborhood of appellee's home. Appellee recalled that when she referred to him at that meeting as "Robert," appellant replied "you must mean my twin brother, Robert." Appellant, who has no twin brother, denied any such conversation at the time of that brief encounter.

Appellee learned she was pregnant in late September 1984. She admitted, however, that she made no attempt to communicate with appellant until after the birth of her baby on April 29, 1985. When she confronted the appellant with the assertion that he was the father of her child, he denied paternity and has continued to do so despite repeated attempts by her and her friends to persuade him to accept such responsibility. Appellee testified that when she initially threatened appellant with a paternity suit, he agreed to pay $25 per week as a contribution to her child's support, but that he made only one such payment. Appellant denied such a promise or any such payment.

Appellee's child was a full term baby weighing nine pounds, four ounces. She testified that she did not have sexual intercourse with anyone other than the appellant during the months of June, July and August, 1984.

Proceedings to resolve the issue of paternity of a child born out of wedlock, when disputed by the alleged father, are governed by Md.Code (1984), §§ 5–1001 through 5–1048 of the Family Law Article.[1] *Quinan v. Schneider*, 247 Md. 310, 313, 231 A.2d 37 (1967); *Corley v. Moore*, 236 Md. 241, 243, 203 A.2d 697 (1964); *State v. Rawlings*, 38 Md.App.

---

1. All further statutory references will be to this Article of the Code.

479, 482, 381 A.2d 708 (1978). The unique civil action created by this legislation replaced the former method of resolving this issue by criminal prosecution of the alleged father for the crime of bastardy, which was concurrently repealed by the General Assembly. *Thompson v. Thompson*, 285 Md. 488, 490–91, 404 A.2d 269 (1979), *appeal dismissed*, 444 U.S. 1062, 100 S.Ct. 1002, 62 L.Ed.2d 745 (1980); *Anderson v. Sheffield*, 53 Md.App. 583, 585, 455 A.2d 63 (1983).

■ Significantly for the purpose of the case *sub judice*, the election of whether the paternity issue shall be decided by a judge or jury is reserved to the alleged father. § 5–1026. The mother bears the burden of proving by a preponderance of the evidence the alleged father's paternity of her child. § 5–1028(a). *Dorsey v. English*, 283 Md. 522, 527, 390 A.2d 1133 (1978); *Smith v. Jackson*, 240 Md. 195, 198, 213 A.2d 491 (1965); *Ritter v. Danbury*, 15 Md.App. 309, 312, 290 A.2d 173 (1972); *Kimble v. Keefer*, 11 Md.App. 48, 50, 272 A.2d 668 (1971). The practice with regard to a judgment notwithstanding the verdict of the jury on the issue of paternity is regulated by "the laws, rules, and practice that relate to jury trials in other civil cases." § 5–1027(a). The rule governing motions for judgment n.o.v. in civil jury trials conducted in the circuit court is Rule 2–532. It provides in pertinent part:

(a) *When Permitted.*—In a jury trial, a party may move for judgment notwithstanding the verdict only if that party made a motion for judgment at the close of all the evidence and only on the grounds advanced in support of the earlier motion.

(b) *Time for Filing.*—The motion shall be filed within ten days after entry of judgment on the verdict or, if no verdict is returned, within ten days after the discharge of the jury. If the court reserves ruling on a motion for judgment made at the close of all the evidence, that motion becomes a motion for judgment notwithstanding the verdict if the verdict is against the moving party or if no verdict is returned.

(c) *Joinder With Motion for New Trial.*—A motion for judgment notwithstanding the verdict may be joined with a motion for a new trial.

(d) *Effect of Failure to Make Motion.*—Failure to move for a judgment notwithstanding the verdict under this Rule does not affect a party's right upon appeal to assign as error the denial of that party's motion for judgment.

(e) *Disposition.*—If a verdict has been returned, the court may deny the motion, or it may grant the motion, set aside any judgment entered on the verdict, and direct the entry of a new judgment. If a verdict has not been returned, the court may grant the motion and direct the entry of judgment or order a new trial. If a party's motion for judgment notwithstanding the verdict is granted, the court at the same time shall decide whether to grant that party's motion for new trial, if any, should the judgment thereafter be reversed on appeal.

■ Under Rule 2–532, the standard by which a trial judge should evaluate a motion for judgment n.o.v. is the same as that applied when ruling on a motion for judgment at the close of the evidence. Indeed, the motion for judgment n.o.v. may only be made on grounds that have previously been advanced by the movant in seeking judgment pursuant to Rule 2–519 at the close of the evidence. A party is not entitled to judgment unless evidence on the issue and all inferences fairly deducible therefrom, when viewed in the light most favorable to the party against whom the motion is made, are such as to permit only one conclusion with regard to the issue. *Impala Platinum Limited v. Impala Sales (U.S.A.), Inc.,* 283 Md. 296, 327, 389 A.2d 887 (1978); *Battista v. Savings Bank of Baltimore,* 67 Md.App. 257, 262–63, 507 A.2d 203 (1986). Moreover, as we pointed out in *C.S. Bowen Co. v. Maryland Nat'l Bank,* 36 Md.App. 26, 33–34, 373 A.2d 30 (1977), where a motion for judgment and subsequent motion for judgment n.o.v. are filed by a party who bears the burden

of proof on the issue, the court may only grant either motion when

the facts are *uncontroverted* (as opposed to merely *uncontradicted*) or the parties have agreed as to the facts and such facts and the circumstances surrounding them permit of only one inference with regard to any issue presented by the motion. *See, Alexander v. Tingle*, 181 Md. 464, 30 A.2d 737 and *Pennsylvania R. Co. v. Stallings*, 165 Md. 615, 170 A. 163. In the latter case, at 619 [170 A. 163], the Court said:

".... Nor is it true that the court can say as a matter of law that one upon whom the burden rests has discharged that burden merely because testimony offered by him was not contradicted. To so hold would be to override the decisions in a long line of cases that the jury has the right to disbelieve a witness even when uncontradicted. [citing cases] In *Harrison v. Central Construction Co.*, 135 Md. 170, at page 180, 108 A. 874, 878, it was said: 'When the facts have been ascertained and agreed upon by the parties, or are undisputed, and there is no dispute as to the inferences to be drawn from the facts, the question becomes one of law and may be decided by the court'.

"This was said in a case where there was an agreed statement of facts. And it will be found, on examination of all the cases where like language is used there was no controversy about the facts. [citations omitted]. 'Undisputed', as used in these cases, must be taken to mean 'uncontested', rather than 'uncontradicted'."

(Emphasis in original).

■ Applying these principles to the evidence in the instant case, we hold that the court erred in granting the appellee's motion for judgment n.o.v. The issue of appellant's paternity of the child born on April 29, 1985 was not *uncontroverted* under the evidence, notwithstanding the agreement of the parties that they had engaged in sexual intercourse on one occasion in mid-July 1984 and the uncon-

280

tradicted testimony of the appellee that the appellant was her only sexual partner during the months of June, July and August of 1984. It was the province of the jury to disbelieve the appellee's uncontradicted testimony that she engaged in sexual intercourse with no one but the appellant during the critical period. Furthermore, the jurors could rely on such inference as they drew from the real evidence offered to them when the baby was presented for their viewing in making their decision as to the appellant's paternity of that child. *Dorsey v. English, supra,* 283 Md. at 524–27, 390 A.2d 1133. When the trial judge substituted his evaluation of that evidence for that of the jury, he invaded the jury's province. Consequently, the judgment n.o.v. was improperly entered. It was the jury's verdict that finally resolved the issue of whether the appellant was the father of appellee's child. § 5–1038.