542 A.2d 1307

**Patricia THODOS**

v.

**Brian BLAND, et al.**

**No. 1307, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

July 7, 1988.

Samuel M. Shapiro (Shapiro, Meiselman & Greene, Chartered on the brief), Rockville, for appellant.

Stephen A. Markey (Miller, Markey and Hoffman, on the brief), Bladensburg, for appellee Brian Bland.

Thomas J. Davis (Peter J. Karceski & Associates, on the brief), Rockville, for appellee Alton Linsey Thacker.

Argued before ALPERT, BELL (ROBERT M.), and POLLITT, JJ.

ROBERT M. BELL, Judge.

Patricia Thodos, appellant, was injured when the car in which she was a passenger[1] was involved in a collision with another vehicle at the intersection of Livingston Road and Route 210 in Prince George's County. As a result, appellant brought an action against Alton Linsey Thacker, the driver of the automobile in which she was a passenger, and Brian Bland, the operator of the second vehicle, appellees, alleging that her injuries were caused by their negligence, either individually or jointly. Each appellee filed a cross-claim against the other, in which each asserted that the other's negligence was the sole cause of the accident. The case was tried by a jury in the Circuit Court for Prince George's County.

Having no recollection of the circumstances leading up to the collision, or of the collision itself, appellant called both appellees as witnesses to prove her case. Appellee Bland testified that he was operating his automobile northbound on Route 210, proceeding toward its intersection with Livingston Road. When he first observed the traffic signal, which controlled that intersection, he noticed that it was red, but, as he drew nearer, it turned green. As he approached the intersection, Bland stated that he removed his foot from his accelerator and lightly applied his brakes in response to an automobile turning in front of him from southbound Route 210 onto Livingston Road. Immediately thereafter, he saw the Thacker automobile turning in front of him, and, although he "mashed on" his brakes, he was unable to stop or avoid striking it.

Appellee Thacker contributed that he was traveling southbound on Route 210 intending to make a lefthand turn onto Livingston Road. When he approached the intersection, the left turn traffic signal being red, he pulled into the left turn lane and stopped. He was the first car in line, however. When the traffic signal showed a green arrow,

---

1. Apparently appellant owned the vehicle although it was being driven by appellee Alton Linsey Thacker.

Thacker testified that he proceeded to make his turn and, although he had visibility for 300–400 yards southbound on Route 210, he did not see appellee Bland's vehicle until appellant screamed. The collision occurred immediately following the scream.

After appellant rested her case, each appellee presented his own case, during which each presented testimony corroborative of his story. Norman Grimes, called as a witness in appellee Bland's case, testified, consistent with Bland's testimony, that the single green arrow traffic signal facing southbound Route 210 went from a green arrow to nothing, after which the Thacker automobile entered the intersection and was struck by the Bland automobile. When the accident occurred, Grimes was leaving the shopping center on the west side of Route 210.

Thacker called three witnesses, two of whom corroborated his testimony. Lisa Gwinn was proceeding westbound on Swan Creek Road[2], from which she observed the accident. According to her, the traffic light controlling the direction in which she was traveling turned red as she approached the intersection. That being the case, she testified that from her experience, the next traffic signal would be a green arrow for traffic turning left from southbound Route 210. While stopped, she watched the Thacker automobile turn left and move across the northbound lanes of Route 210 until the Bland vehicle approached and struck the Thacker automobile broadside. Gwinn testified that she observed no traffic light malfunction.

Sandra Jones was southbound on Route 210, in the left turn lane behind the Thacker automobile. When the red signal changed to a green arrow, she observed the Thacker automobile enter the intersection to make its left turn, at the same time she observed Bland's automobile approach, and, thereafter, she observed the automobiles collide. Jones completed her left turn, stopped her car, and lent

---

**2.** Apparently, the intersection was Swan Creek Road/Livington Road and Route 210. At least that is what Pfeiffer testified to.

assistance. She did not observe any traffic signal malfunction either.

Appellee Thacker also called Harry Pfeiffer of the State Roads Department. Pfeiffer testified as to the sequence of the traffic signals controlling the subject intersection: when the light controlling traffic on Swan Creek Drive is red and there are cars in the designated left turn lanes, the signal controlling left turning traffic would show green arrows for both north-and southbound Route 210 traffic. The green arrows would last from between four and thirty seconds, depending upon the number of cars turning left, followed by a five second yellow signal and then a one second red signal to allow traffic to clear the intersection. When the left turn arrows are green, the signal controlling through traffic, both northbound and southbound, would be red. Pfeiffer also testified that there was no record of a malfunction in the traffic signals on the date of the accident and that there had not been even a complaint of one since March 1, 1985, almost two months earlier. Finally, Pfeiffer testified that had the left turn traffic signal displayed a green arrow simultaneously with a green signal for through traffic on Route 210, the signals would have immediately flashed, indicating a malfunction.

The jury was instructed based on the factual presentation made by each appellee and the case was then submitted to the jury on special issues: (1) Do you find that [appellee] Brian Bland was solely responsible for the happening of this accident ...?; (2) Do you find that [appellee] Thacker was solely responsible for the happening of this accident ...?; (3) Do you find that both [appellees] Bland and Thacker were responsible for the happening of this accident ...?; and (4) Do you find that [appellant] has not proved by a preponderance of the evidence that either [appellee] was responsible for the happening of this accident ...? The jury answered the first three issues in the negative and the final issue in the affirmative; therefore judgment was entered on the verdict in favor of each appellee and against appellant. Appellant's motions for new trial and for recon-

sideration of the denial of the new trial motion having been denied, appellant appealed, presenting but one question: Did the trial court err in denying appellant's motion for new trial? [3]

That a trial court may grant a new trial to any party upon a timely motion and proper grounds is beyond dispute. *See* Maryland Rule 2–533.[4] Whether to grant or deny a motion for a new trial, however, is a matter addressed to the sound discretion of the trial court. *I.O.A. Leasing Corp. v. Merle Thomas Corp.*, 260 Md. 243, 249, 272 A.2d 1 (1971); *Leitch v. Anne Arundel County*, 248 Md. 611, 619, 237 A.2d 748 (1968), *Brinand v. Denzik*, 226 Md. 287, 292, 173 A.2d 203 (1961); *Waters v. Waters*, 26 Md. 53, 73 (1866); *Walker v. Hall*, 34 Md.App. 571, 591, 369 A.2d 105 (1977); *Murphy v. Board of County Commissioners*, 13 Md.App. 497, 513, 284 A.2d 261 (1971). The exercise of the discretion entrusted to it will not be reviewed on appeal, at least when the trial court has fairly exercised its discretion, *Martin v. Rossignol*, 226 Md. 363, 366–67, 174 A.2d 149 (1961); *Walker v. Hall*, 34 Md.App. at 591, 369 A.2d 105; *Murphy*, 13 Md.

---

3. Appellant also submits, as a sub part of the general question, the further and more specific question: "Was the jury's verdict in favor of both defendants and against plaintiff impossible in light of all the evidence?"

4. Maryland Rule 2–533 provides, in pertinent part:
 (a) *Time for filing.*—Any party may file a motion for new trial within ten days after entry of judgment. A party whose judgment has been set aside on a motion for judgment notwithstanding the verdict or a party whose judgment has been amended on a motion to amend the judgment may file a motion for new trial within ten days after entry of the judgment notwithstanding the verdict or the amended judgment.
 (b) *Grounds.*—All grounds advanced in support of the motion shall be filed in writing within the time prescribed for the filing of the motion, and no other grounds shall thereafter be assigned without leave of court.
 (c) *Disposition.*—The court may set aside all or part of any judgment entered and grant a new trial to all or any of the parties and on all of the issues, or some of the issues if the issues are fairly severable. If a partial new trial is granted, the judge may direct the entry of judgment as to the remaining parties or issues or stay the entry of judgment until after the new trial....

App. at 513, 284 A.2d 261, and except under the most extraordinary or compelling circumstances, *A.S. Abell Company v. Skeen*, 265 Md. 53, 59, 288 A.2d 596 (1972); *Walker v. Hall*, 34 Md.App. at 591, 369 A.2d 105; *Podolski v. Sibley*, 12 Md.App. 642, 647, 280 A.2d 294 (1971); *State, Use of Shipley v. Walker*, 230 Md. 133, 137, 186 A.2d 472 (1962), or except where some substantial right is denied. *Brinand v. Denzik*, 226 Md. at 293, 173 A.2d 203; *State v. Baltimore Transit Co.*, 177 Md. 451, 454, 9 A.2d 753 (1939).[5] Therefore, as a preliminary matter, our task is to determine whether extraordinary or compelling circumstances exist, or substantial rights have been denied, sufficient to justify our review of the trial court's denial of appellant's motion for new trial. Only after having made that determination need we proceed to consider whether the ruling was an abuse of discretion.

A necessary component of the threshold determination is the consideration of the circumstances under which the granting of a new trial has been upheld. In *Snyder v. Cearfoss*, 186 Md. 360, 368–69, 46 A.2d 607 (1946), the Court of Appeals explained:

In granting a new trial, [the Court] does not assume that the verdict is, but that it may be, wrong. It says to the parties, we are strongly apprehensive that the result is not in accordance with the evidence. We think it expedient to submit the case to another jury, and leave it to

---

**5.** Some of the older cases hold that a ruling on a motion for new trial is ordinarily not reviewable on appeal, *see, e.g., Cong. School v. Roads Commission*, 218 Md. 236, 254, 146 A.2d 558 (1958), or that such a ruling is not appealable. *See e.g., Waters v. Waters*, 26 Md. at 73–74. *But see Wash., B. & A.R. Co. v. Kimmey*, 141 Md. 243, 118 A. 648 (1922). (The refusal to grant a motion for new trial without having considered the evidence offered in support of the motion is reviewable.) Logically, these holdings would appear to be imprecise since, in order to determine whether there has been an abuse of discretion, whether extraordinary circumstances exist, or whether substantial rights have been denied, it would appear that the court must "review" the action taken on the motion. In any event, the later cases make clear that such matters are reviewable under the circumstances previously enumerated.

them to say whether or not our fears are well-founded.... It is settled, then, that the court which tried the cause, may, in a proper case, of which it shall be the judge, set aside the verdict and grant a new trial, under circumstances which at first blush would seem to trench upon the rights of the jury. It can look through the evidence upon which the jury have [sic] passed, and then consider the verdict. It can compare them, and, if the one is clearly irreconcilable with the other, can so pronounce, and order the case to be submitted to another jury.

Thus, a new trial appropriately may be granted where the verdict is against the evidence or the weight of the evidence. Moreover, a motion for new trial may be granted "[w]here ... it can be seen, upon a consideration of the whole case, that the verdict is inequitable...." *Waters v. Waters,* 26 Md. at 73. Furthermore, there is no impropriety in the trial court's grant of a new trial where "... the verdict of the jury is insufficient, or contrary to the admissions of the parties...." *Hughes v. Howard,* 3 H & J 9, 12 (1810). And, where the focus of a motion for new trial is the infusion of extraneous matter in the jury's deliberations, and the prejudice to the moving party is great, it is an abuse of discretion to deny a motion for new trial. *See Wernsing v. General Motors Corp.,* 298 Md. 406, 420, 470 A.2d 802 (1984). Thus, it may be concluded that a new trial may be granted whenever there is a fair probability that to fail to do so would deny a party the right to a fair trial. 298 Md. at 419. This is not to say, of course, that a new trial is mandated whenever there are inconsistent findings by the jury or whenever it seems apparent that the jury ignored some portion of the instructions, *see D.C. Transit System v. Brooks,* 264 Md. 578, 588–89, 287 A.2d 251 (1972); *Grabner v. Battle,* 256 Md. 514, 516–19, 260 A.2d 634 (1970); what we have already said concerning the general rule remains applicable.

In the instant case, appellant was not the operator of either of the automobiles involved in the accident; she was merely a passenger in one of them. As such, and the

record does not contradict that this is so, neither appellee having presented any evidence to the contrary at trial, she was entirely blameless insofar as the happening of the accident is concerned.[6] Moreover, neither appellee presented any evidence which would tend to prove, or support an inference, that the accident was an unavoidable one. Indeed, the uncontradicted evidence presented by appellee Thacker was such as to preclude a finding that the accident resulted from a malfunction in the traffic control devices. In fact, the evidence presented by all of the parties was such that the only finding on the merits that the trier of fact could have made was that the negligence of either one or the other of the appellees was the proximate cause of the accident,[7] a fact that each appellee all but conceded at oral argument. Nor is there any question but that the evidence presented at trial was sufficient to sustain a jury verdict finding either one or the other of the appellees negligent and therefore responsible for the accident.

Under these circumstances, because it is difficult to understand what else appellant could have done to prove her case, one could easily conclude that the jury's finding that she did not is, to say the least, against the evidence as well as the weight of the evidence. Moreover, when the state of the record is considered along with the consequences of the jury's verdict on appellant—it has the effect of requiring appellant to bear the burden of her own loss, even though, as the record accurately reflects, she had no responsibility for that loss—the trial judge's exercise of discretion to deny appellant's motion for a new trial may be characterized as presenting both an extraordinary as well as a compelling circumstance. Furthermore, the denial of the motion may

---

6. That this is so is made clear by the fact that there was no issue raised, and no instructions given, as to contributory negligence or assumption of the risk.

7. Appellant contends that the jury could have found that both appellees were jointly liable for the accident. From the evidence in the record, however, we find it highly unlikely that both appellees could have been responsible.

also constitute the denial to appellant of a substantial right, *i.e.*, the opportunity for a just resolution of her claim. *See Kimmey,* 141 Md. at 250–53, 118 A. 648. In any event, the potential that appellant will be materially prejudiced by the refusal of a new trial is great. *See Wernsing,* 298 Md. at 420, 470 A.2d 802.

■ The question remains, whether the trial court abused its discretion. This determination must be made by reference to, and consideration of, all of the facts and circumstances of the case, including those facts and circumstances just reviewed. *Weiner v. State,* 55 Md.App. 548, 555–56, 464 A.2d 1096 (1983), *aff'd, State v. Werner,* 302 Md. 550, 489 A.2d 1119 (1985). Although we have found no case on all fours with the facts *sub judice,* we believe that assistance may be gained from two out-of-state cases, *Myers v. Gold,* 277 Pa.Super. 66, 419 A.2d 663 (1980) and *Banes v. Thompson,* 352 So.2d 812 (Miss.1977).

The accident in *Myers* also occurred at an intersection, although not one controlled by traffic control devices. The Myers' car, Mrs. Myers driving and her husband, a passenger, was proceeding through the intersection while the other car, that of the co-defendant Mr. Gold, was making a lefthand turn. The Myers brought suit against Gold, Gold joined Mrs. Myers as an additional defendant, and the case was tried before a jury. The jury returned a verdict finding neither driver negligent, whereupon the Myers moved for a new trial. The trial judge denied the motion, and they appealed, contending that the verdict was against the weight of the evidence. After stating the standard of review for the denial of a motion for a new trial, *i.e.,* "that the decision to either grant or deny a motion for new trial is within the sound discretion of the trial court and will be reversed on appeal only if the appellate court determines the trial court palpably abused its discretion ..., [and] that a new trial should be granted only where the verdict is so contrary to the evidence as to shock one's sense of justice", 419 A.2d at 664, the Court held, as to Mr. Myers, the

passenger, that the denial of the motion for a new trial was an abuse of discretion. It explained:

> ... [T]he ... facts do not substantiate the finding of the jury that neither driver was negligent. Although appellant Robert Myers' testimony would tend to show negligence on the part of his wife, resolving the conflicts in testimony in favor of appellant Laura Grace Myers indicates negligence on the part of appellee.

419 A.2d at 665. Thus, since it implied that the passenger was negligent, a finding which was clearly against the weight of the evidence, the denial of the motion as to the passenger shocked the court's sense of justice.

In *Banes*, the passenger in one of the automobiles involved in the accident appealed from the jury verdict in favor of the operators of the automobiles. In reversing the trial judge's denial of the passenger's motion for new trial, the Court, addressing the question raised, whether the verdict was against the great weight of the evidence, stated:

> Without question, appellant was not guilty of any negligence. The collision was not unavoidable and it was caused by the negligence of either Thompson or Banes, or both.
>
> In *Jones v. Richards*, 254 Miss. 617, 181 So.2d 923 (1966), this Court said:
>
> > "It is clear from the evidence that the collision was caused by the negligence of either one or both of the drivers of the vehicles involved. It was not an unavoidable accident. Appellant was not charged with any negligence, and none is shown by the proof. Under these circumstances, appellant was entitled to a verdict against one or all of the appellees, provided she was injured as a result of this accident. *Mitchell–Davis Distrib. Co. v. McDonald*, 223 Miss. 573, 78 So.2d 597 (1955)". 254 Miss. at 662, 181 So.2d at 925.

352 So.2d at 814.

The factors which pointed the way in *Myers* and *Banes* are equally applicable to the case *sub judice*. There is,

however, a factor involved in the present case that is missing from both of those cases—in the case *sub judice*, the jury specifically found that appellant did not meet her burden of proof to show that the negligence of one or the other, or both, of the appellees was the proximate cause of the accident and, hence, of her injuries. The question thus becomes: does this fact militate in favor of a finding that the trial court did not abuse its discretion in denying appellant's motion for new trial?

We addressed the nature of judicial discretion in *Ogburn v. State*, 71 Md.App. 496, 509, 526 A.2d 614, *cert. denied*, 311 Md. 145, 532 A.2d 1372 (1987), observing:

> Judicial discretion is "that power of decision exercised to the necessary end of awarding justice and based upon reason and law, but for which decision there is no special governing statute or rule." *Colter v. State*, 297 Md. 423, 426–27, 466 A.2d 1286 (1983), quoting *Saltzgaver v. Saltzgaver*, 182 Md. 624, 635, 35 A.2d 810 (1944). Necessarily then, when there is no hard and fast rule, the decision of the trial judge must be evaluated from the standpoint of the soundness of the exercise of discretion.

We went on to point out that when the consequences of a particular exercise of discretion are clear, *i.e.*, one result is clearly unjust and the other, clearly not, the limits of the exercise of discretion are narrow. 71 Md.App. at 510, 526 A.2d 614. On the other hand, when the consequences are not so clear, *i.e.*, no result is clearly just or unjust, the limits of the exercise of discretion are considerably broader. Indeed, in the latter situation, we will not find an abuse of discretion whichever way the trial court may choose to exercise discretion. *Id.* Pertinent to each of these situations is the additional consideration, whether, be it just or unjust, the result is lawful. If the result is unjust, but also lawful, the mere fact that it was achieved by the trial judge's exercise of discretion will not render that exercise an abuse of discretion.

In the instant case, it is unquestionably the case that the trial court's denial of appellant's new trial motion patently effects a real injustice to appellant. As we have seen, the record amply demonstrates that appellant was not, and, indeed, could not have been, responsible for the accident. Furthermore, the evidence demonstrates that the accident did not result from an act of God or unavoidable consequences. Notwithstanding the foregoing, the undeniable consequence of the court's action is to place the burden of loss on the shoulders of the least blameworthy of all of the parties to the action, appellant herself. On the other hand, the result effected by that exercise of discretion is a lawful one; the jury was at liberty to reach the conclusion that it did.

■■■ It is undisputed that appellant bore the burden of proof in this case. That burden required that she prove, not only that the accident occurred and that the negligence of one or the other of the drivers of the automobiles involved in the accident was responsible for the accident, but also which one of them actually was responsible. *See* Restatement, Torts, 2d, § 433 B(1) [8]; *Pahanish v. Western Trails, Inc.*, 69 Md.App. 342, 354, 517 A.2d 1122 (1986). The determination whether appellant met her burden of proof is a matter entrusted solely to the jury. Although the trial judge, in ruling on a motion for judgment, must assess the sufficiency of the evidence to generate a jury question, *See* Maryland Rule 2–519(b) [9]; *Impala Platinum Ltd. v. Impa-*

---

8. Section 433 B. provides, in pertinent part:

 (1) Except as stated in Subsections (2) and (3), the burden of proof that the tortious conduct of the defendant has caused the harm to the plaintiff is upon the plaintiff.

9. Maryland Rule 2–519 provides in pertinent part:

 (b) *Disposition.*—When a defendant moves for judgment at the close of the evidence offered by the plaintiff in an action tried by the court, the court may proceed, as the trier of fact, to determine the facts and to render judgment against the plaintiff or may decline to render judgment until the close of all the evidence. When a motion for judgment is made under any other circumstances, the

la Sales (U.S.A.), Inc., 283 Md. 296, 327, 389 A.2d 887 (1978); *Battista v. Savings Bank of Baltimore,* 67 Md.App. 257, 262–63, 507 A.2d 203 (1986), once he or she has done so, it is up to the jury to determine the ultimate question, whether the burden of proof has been met. *Impala Platinum Ltd., supra; Battista, supra.* In making its determination, the jury assesses and evaluates the weight to be assigned to the evidence presented to it and decides its effect. Neither the trial court nor this Court is permitted to substitute its evaluation of that evidence for that of the jury. *Smith v. Miller,* 71 Md.App. 273, 280, 525 A.2d 245 (1987). To do so would be an invasion of the jury's province. What we said in *Smith, supra,* is particularly pertinent in this regard:

> [W]here a motion for judgment and subsequent motion for judgment n.o.v. are filed by a party who bears the burden of proof on the issue, the court may only grant either motion when
>
>> "the facts are uncontraverted (as opposed to merely *uncontradicted* ) or the parties have agreed as to the facts and such facts and the circumstances surrounding them permit of only one inference with regard to any issue presented by the motion. *See, Alexander v. Tingle,* 181 Md. 464, 30 A.2d 737 [1943] and *Pennsylvania R. Co. v. Stallings,* 165 Md. 615, 170 A. 163 [1934]. In the latter case, at 619 [170 A. 163], the Court said:
>>
>>> "....Nor is it true that the court can say as a matter of law that one upon whom the burden rests has discharged that burden merely because testimony offered by him was not contradicted. To so hold would be to override the decisions in a long line of cases that the jury has the right to disbelieve a witness even when uncontradicted. [citing cases] In *Harrison v. Central Construction Co.,* 135 Md. 170 at page 180, 108 A. 874, 878 [1919], it was said: 'When the facts have been

court shall consider all evidence and inferences in the light most favorable to the party against whom the motion is made.

ascertained and agreed upon by the parties, or are undisputed, and there is no dispute as to the inferences to be drawn from the facts, the question becomes one of law and may be decided by the court.'

"This was said in a case where there was an agreed statement of facts. And it will be found, on examination of all the cases where like language is used there was no controversy about the facts. [citations omitted]. 'Undisputed', as used in these cases, must be taken to mean 'uncontested', rather than 'uncontradicted' ". (Emphasis in original)

71 Md.App. at 278–79, 525 A.2d 245, quoting *C.S. Bowen Co. v. Maryland National Bank*, 36 Md.App. 26, 33–34, 373 A.2d 30 (1977).

■ This is not a case in which it has been proven that both defendants were negligent and that appellant's injuries were caused by the negligence of only one of them, but there is uncertainty as to which one. In such a case, the burden is upon each negligent party to prove that it was not his negligence that caused the injury. *See Summers v. Tice*,[10] 33 Cal.2d 80, 199 P.2d 1, 5 A.L.R.2d 91 (1948) *See also Vahey v. Sacia*, 126 Cal.App.3d 171, 178 Cal.Rptr. 559 (1981); Restatement, Torts, 2d § 433 B(3), which provides:

Where the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by

---

**10.** In *Summers,* the plaintiff and both defendants were hunting quail. Although both defendants had knowledge of where the plaintiff was and an unobstructed view, each fired a shotgun in plaintiff's direction. A shotgun pellet, which could have come from only one gun, struck the plaintiff in the eye and he sued both defendants for the injury. The California Supreme Court held that the burden of proof as to causation was on the defendants, explaining: "They brought about a situation where the negligence of one of them injured the plaintiff, hence it should rest with them each to absolve himself if he can. The injured party has been placed by defendants in the unfair position of pointing to which defendant caused the harm. If one can escape the other may also and plaintiff is remediless." 199 P.2d at 4. *See* illustration 9, Restatement Torts, 2d., § 433B.

only one of them, but there is uncertainty as to which one
has caused it, the burden is upon each such actor to prove
that he has not caused the harm,

and comment f, pertaining to subsection (3):

Subsection (3) states a further exception to the general
rule stated in Subsection (1). It arises where the conduct
of two or more actors has been proved to be negligent or
otherwise tortious, and it is also proved that the harm to
the plaintiff has been caused by the conduct of only one
of them, but there is uncertainty as to which one. In
such a case the burden is upon each actor to prove that he
did not cause the harm. As in the case of Subsection (2),
the reason for the exception is the injustice of permitting
proved wrongdoers, who among them have inflicted an
injury upon the entirely innocent plaintiff, to escape liabil-
ity merely because the nature of their conduct and the
resulting harm has made it difficult or impossible to
prove which of them has caused the harm.

 On the contrary, this case presents an issue of
alternative liability: although there is an allegation that
both defendants were negligent, there is no proof that more
than one actually was; in fact, it is quite likely that the
evidence in the case precluded a finding that both defend-
ants were negligent.[11] The significant issue at the trial of
this case was which one of the defendants was negligent.
Therefore, appellant retained the burden of proof as to both
the negligence of each defendant and its causal relationship

---

**11.** We might also observe that the phraseology of the questions sub-
mitted to the jury for answer was not such as would reveal the
existence of a *Summers* situation. The questions *sub judice* focused
on whether the negligence of one of the two defendants, or their joint
negligence was the sole proximate cause of the accident, rather than
upon whether each defendant was negligent. Appellant did not object
to the questions as submitted, and, in fact, appears to have agreed to
them. We will not, therefore, further consider or comment upon the
propriety of those questions.

to her injuries.[12] *See* Comment g, to § 433 B(3) Restatement, Torts 2d.

Nor is this case one which can be equated with a hung jury, where the jury is unable to agree, thus necessitating the grant of a new trial. We may speculate that the jury answered the question concerning the burden of proof in the way that it did because it could not agree as to which one of the appellees caused the accident. Speculation, however, is insufficient as a basis for finding an abuse of discretion, especially when, as here, the record negates it. The record in this case is unmistakable in its revelation that the jury unanimously concluded that appellant did not meet her burden of proof as to causation.[13]

Were we ruling upon appellant's new trial motion, we would have unhesitatingly granted it. Nevertheless, we are unable to rationalize a basis for finding that the trial judge abused his discretion. Accordingly and regretfully, we affirm the judgment.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

---

**12.** Appellant did not request an instruction that the defendants carried the burden of proof as to causation presumably because she recognized at trial that hers was not the *Summers* situation.

**13.** Appellant's impossibility argument focuses on the propriety of a jury verdict, on the merits, that neither appellee was responsible for the accident. She is correct, such a verdict, under the circumstances of this case, would be impossible; however, that is not the verdict reached by the jury. The jury determined that appellant did not prove which of the appellees caused the accident. That verdict is not an impossible one.