773 A.2d 526

**Debra L. GOODMAN,**

v.

**COMMERCIAL CREDIT CORPORATION.**

No. 44, Sept. Term, 1999.

Court of Appeals of Maryland.

June 11, 2001.

484

Cheryl N. Goliday, Baltimore, for petitioner.

Richard E. Solomon (Cohn, Goldberg & Deutsch, LLC, on brief), Towson, for respondent.

Argued before BELL, C.J., ELDRIDGE, RODOWSKY,* RAKER, WILNER, CATHELL, and HARRELL, JJ.

BELL, Chief Judge.

The issue this case raises is the propriety of the District Court's entry of judgment for the defendant when the plaintiff, who gave notice of the intention to obtain a judgment by affidavit and although aware of the trial date, failed to appear for trial. Acting in its appellate capacity, the Circuit Court for Prince George's County reversed, concluding that the trial court abused its discretion both in the entry of judgment and its refusal to strike the judgment, on the plaintiff's motion. Having granted the defendant's Petition for Writ of Certiorari, *Goodman v. Commercial Credit,* 354 Md. 570, 731 A.2d 969 (1999), we shall reverse the judgment of the Circuit Court.

Commercial Credit, the respondent, filed, in the District Court of Maryland sitting in Prince George's County, a complaint against Debra Goodman, the petitioner, in which it alleged that the petitioner breached her contract with the respondent and was indebted to it in the amount of more than eight thousand dollars ($8,000), consisting of the purchase price of goods and services, interest and attorney's fees.

---

* Rodowsky, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

Demanding judgment on affidavit, the complaint, to which was attached the contract under which the claim was made and an interest worksheet, was supported by affidavit of the respondent's agent. The summons served on the petitioner set a trial date of September 16, 1998, provided that the petitioner had been served and filed notice of intention to defend before August 5, 1998. The petitioner was served, demanding strict proof of the respondent's claim, and filed notice of intention to defend prior to that date.

The petitioner and her counsel appeared for trial on the trial date, but neither the respondent nor its counsel appeared, whereupon the following occurred:

"Clerk: Commercial Credit Corporation versus Debra Goodman, 39273–97.

"[Petitioner's counsel]: Good Morning, Your Honor, Cheryl Goliday on behalf of the Defendant, Debra Goodman.

"Court: Anyone present for the Commercial Credit Corporation? Notice of intention to defend having been timely filed, the Court will grant the judgment in favor of Defendant for failure of prosecution.

"[Petitioner's counsel]: Thank you, Your Honor."

The respondent filed a *Motion To Vacate Judgment, and To Reset for Trial* the next day, well within thirty (30) days of the entry of judgment. In the motion, it acknowledged that the writ of summons set the trial date, of which it was aware, and that it received notice from the court that the petitioner had filed a notice of intention to defend. The respondent then offered the following as the basis for the relief it sought-vacation of the judgment and the resetting of the trial on the merits in the ordinary course:

"3. That this office has a standing scheduling policy with the assignment office to schedule all cases in which the undersigned law firm is counsel of record for Tuesday mornings, and that when an intention to defend is filed, the case is automatically reset by the Court for a Tuesday morning. That it has been the experience of the undersigned law firm that, without exception, when a defense is

filed to a case in this Court, the court resets the case for a later merits trial date, and does not keep the case in for trial on the original date set.

"4. That due to the prior experience of the undersigned law firm with the scheduling of cases by the assignment office, this matter was erroneously omitted from counsel's trial calendar for September 16, 1998, while this office awaited a further notice from the Court as to a new merits trial date.

"5. That the defendant has previously indicated in her response to the plaintiff's interrogatories that she does not contend that she is not indebted to the plaintiff in the amount alleged in the complaint."

The petitioner opposed the respondent's motion, noting specifically the respondent's admission that it had notice both of the trial date and of the petitioner's having filed an intention to defend. Citing Maryland Rule 3–306(b)(1), she argued, "[p]laintiff filed the complaint by affidavit, and this Court [the District Court] properly rendered a judgment on affidavit in favor of the defendant," maintaining, as well, that the assignment office's failure to inform the respondent's counsel that the trial date had not been changed did not excuse the respondent from having to appear at trial and prove its damages.

The District Court denied the respondent's motion and the respondent appealed to the Circuit Court. That court reversed, reasoning:

"Maryland Rule 3–519 clearly states that 'a party may move for judgment ... at the close of evidence offered by an opposing party." [1] In this case, there was no evidence

---

1. Maryland Rule 3–519(a) provides:

"(a) *Generally.* A party may move for judgment on any or all of the issues in any action at the close of the evidence offered by an opposing party. The moving party shall state with particularity all reasons why the motion should be granted. No objection to the motion for judgment shall be necessary. A party does not waive the right to make the motion by introducing evidence during the presentation of an opposing party's case."

presented by the opposing party, Commercial Credit, because Commercial Credit's representative failed to appear. Therefore, the District Court's judgment in favor of Defendant was improper.

"Instead, the District Court should have dismissed the case without prejudice, for lack of prosecution, in accordance with Maryland Rule 3–507.[2] Had the District Court properly dismissed the case, there would have been good cause to vacate the order and reset the case for trial."

As already indicated, this Court granted certiorari to address this interesting and important issue.

■■ Maryland Rule 3–306 addresses judgments on affidavit. Subsection (a) prescribes the pleading prerequisites: the action must be one for money damages, the demand for judgment on affidavit must be filed at the time of the filing of the complaint, and the complaint must be supported "by an affidavit showing that the plaintiff is entitled to judgment as a matter of law."[3] The effect of the filing of, or the failure to file, a notice of intention to defend is the subject of subsection

---

**2.** As relevant, Maryland Rule 3–507 provides:

\* \* \* \*

"(b) *For Lack of Prosecution.* An action is subject to dismissal for lack of prosecution at the expiration of one year from the last docket entry, other than an entry made under this Rule, Rule 3–131, or Rule 3–132.

"(c) *Entry of Dismissal.* On motion of a defendant or on its own initiative, the court may dismiss an action without prejudice for lack of jurisdiction or prosecution."

**3.** More particularly, Rule 3–306(a) provides:

"The affidavit shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. The affidavit shall be accompanied (1) by supporting documents or statements containing sufficient detail as to liability and damages, including the precise amount of the claim and any interest claimed; and (2) if the claim is founded upon a note, security agreement, or other instrument, by the original or a photocopy of the executed instrument, or a sworn or certified copy, unless the absence thereof is explained in the affidavit. If interest is claimed, the plaintiff shall file with the complaint an interest worksheet."

(b).[4] Subsection (b)(1) requires the plaintiff to appear in court on the trial date prepared for a trial on the merits. It also prescribes what happens when the defendant fails to appear in court on the trial date, "the court may proceed as if the defendant failed to file a timely notice of intention to defend." When the defendant does not file a notice of intention to defend, subsection (b)(2) excuses the plaintiff from appearing for trial on the trial date, permits the court to determine liability and damages on the basis of the complaint, affidavit, and supporting documents and, if they are sufficient to entitle the plaintiff to judgment, requires the court to grant the demand for judgment on affidavit. See also Maryland Rule 3–307(e), which provides:

"(e) *Effect of Failure to File Notice.* If a defendant fails to file a timely notice of intention to defend pursuant to this Rule, the court, on the date set for trial, may determine liability and assess damages based on ex parte proof by the plaintiff, unless the defendant appears and the court is satisfied that the defendant may have a defense to the claim. In that event, the court shall proceed with trial or, upon request of the plaintiff, may grant a continuance for a time sufficient to allow the plaintiff to prepare for trial on the merits."

---

**4.** Maryland Rule 3–307, providing for the filing of a notice of intention to defend, states, as pertinent:

"(a) *To Be Filed With Court—Service Not Required.* The defendant, including a counter-defendant, cross-defendant, and third-party defendant, shall file with the court a notice of intention to defend which may include any explanation or ground of defense. The defendant need not serve the notice on any party.

"(b) *Time for Filing.* The notice shall be filed within 15 days after service of the complaint, counterclaim, cross-claim, or third-party claim, except if service is made outside this State or upon a statutory agent for a defendant, the notice shall be filed within 60 days after service.

"(c) *Identity of Attorney.* If the defendant is represented by an attorney, the notice shall contain the attorney's name, office address and telephone number.

"(d) *Notice to Parties.* When the defendant files a notice pursuant to this Rule, the clerk promptly shall mail notice of the filing to other parties."

■ The rules applicable to the District Court do not expressly address the consequences to a plaintiff seeking judgment on affidavit of failing to appear for trial when the defendant has filed notice of intention to defend, only those applicable to defendants who file notice of intention to defend and then fail to appear for trial. Rule 3–306(b)(1). That there is a consequence may be inferred, however, from the requirement that, in response to the defendant's notice of intention to defend, the plaintiff must appear on the day of trial ready for trial on the merits. Because not expressly stated and, therefore, there is no hard and fast rule, *see In re Don Mc.,* 344 Md. 194, 201, 686 A.2d 269, 272 (1996); *Colter v. State,* 297 Md. 423, 427, 466 A.2d 1286, 1289 (1983); *Saltzgaver v. Saltzgaver,* 182 Md. 624, 635, 35 A.2d 810, 815 (1944), *Schneider v. Hawkins,* 179 Md. 21, 25, 16 A.2d 861, 864 (1940); *Thodos v. Bland,* 75 Md.App. 700, 712, 542 A.2d 1307, 1313, *cert. denied,* 313 Md. 689, 548 A.2d 128 (1988); *Ogburn v. State,* 71 Md.App. 496, 509, 526 A.2d 614, 621, *cert. denied,* 311 Md. 145, 532 A.2d 1372 (1987), determining what that consequence should be, *i.e.,* its nature and extent, is a matter entrusted to the discretion of the trial court. *See also Langnes v. Green,* 282 U.S. 531, 544, 51 S.Ct. 243, 248, 75 L.Ed. 520, 526 (1931) ("discretion" means the absence of a hard and fast rule).

■ This Court has defined judicial discretion as "that power of decision exercised to the necessary end of awarding justice and based upon reason and law, but for which decision there is no special governing statute or rule." *Saltzgaver v. Saltzgaver,* 182 Md. at 624, 35 A.2d at 810. Necessarily, when there is no hard and fast rule governing the situation, in arriving at a decision, the trial judge must exercise his or her judicial discretion and the resulting decision is reviewed for the soundness and reasonableness with which the discretion was exercised. In making that evaluation, the reviewing court defers to the trial court. The necessity for doing so is inherent in the very nature of judicial discretion. "Where the decision or order of the trial court is a matter of discretion it will not be disturbed on review except on a clear showing of

abuse of discretion, that is, discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *In re Don Mc.*, 344 Md. at 201, 686 A.2d at 272 (*quoting State ex rel. Carroll v. Junker*, 79 Wash.2d 12, [26,] 482 P.2d 775, 784 (1971)). *See also Coles v. State*, 290 Md. 296, 308, 429 A.2d 1029, 1035 (1981); *Mosley v. State*, 289 Md. 571, 580, 425 A.2d 1039, 1044 (1981); *Maus v. State*, 311 Md. 85, 108, 532 A.2d 1066, 1077 (1987); *Gunning v. State*, 347 Md. 332, 354, 701 A.2d 374, 384 (1997).

■ The trial court was not obliged to grant judgment for the petitioner when the respondent failed to appear on the day of trial; to be sure, it could have, as the respondent and the Circuit Court maintain that it must have done, dismissed the respondent's action without prejudice. Nor was the trial court required to deny the respondent's motion to vacate the judgment and reset the case for trial; it certainly could have granted the motion. Since the trial court granted judgment in favor of the petitioner and denied the respondent's motion to vacate, the question for this Court is whether, in so ruling, the trial court abused its discretion.

This Court has acknowledged that a trial court may, without abusing its discretion grant judgment in favor of a defendant when the plaintiff fails to appear at trial. *Zdravkovich v. Bell Atlantic–Tricon Leasing, Corp.*, 323 Md. 200, 208, 592 A.2d 498, 502 (1991). In that case, having been sued in the District Court by Bell Atlantic for breach of contract, Zdravkovich filed his own action for breach of contract and for fraud against American Communication Terminals, Inc. and its president. *Id.* at 203, 592 A.2d at 499. The cases were consolidated for trial on Zdravkovich's motion. *Id.* at 201, 592 A.2d at 499. Zdravkovich obtained one continuance and sought a second, but it was denied three days before trial. *Id.* Although appearing for docket call, Zdravkovich was not present when the case was called for trial, whereupon, at the prompting of the trial court, the defendants in the *Zdravkovich* action moved for judgment, and the court granted their motion. *Id.* at 203–04, 592 A.2d at 500–01. Noting that the judgment was

not a judgment by default, this Court pointed out "[t]he [trial] court could, however, grant a judgment in favor of the defendants based on plaintiff's failure to prove a prima facie case." *Id.* at 208, 592 A.2d at 502.

It is true that Zdravkovich did not move to vacate the judgment entered against him in his case, a fact on which this Court commented when noting how meager the record on appeal appeared. That is the context in which it said:

> "The better procedure would have been to file a motion for new trial pursuant to Rule 3–533 and supplement the record with proffers of why he was not in court, how long he was gone, the merits of his case, and why justice would require a new trial. The bare record from the District Court does not establish that the trial judge abused his discretion by proceeding with the trial in the O'Connor case in Zdravkovich's absence."

323 Md. at 208–09, 592 A.2d at 502. The Court did not, however, even suggest, not to mention indicate, that the trial court would have been required to have modified the judgment had Zdravkovich, by motion, asked it to do so. What the Court said merely explained why no abuse of discretion could be found in that case. In any event, by their terms, §§ 2–533,[5] 2–534 [6] and

---

**5.** Maryland Rule 2–533(a) permits a party to move for a new trial within ten days of the entry of judgment. It also provides, as to disposition of the motion:

> "(c) *Disposition.* The court may set aside all or part of any judgment entered and grant a new trial to all or any of the parties and on all of the issues, or some of the issues if the issues are fairly severable. If a partial new trial is granted, the judge may direct the entry of judgment as to the remaining parties or issues or stay the entry of judgment until after the new trial. When a motion for new trial is joined with a motion for judgment notwithstanding the verdict and the motion for judgment notwithstanding the verdict is granted, the court at the same time shall decide whether to grant that party's motion for new trial if the judgment is thereafter reversed on appeal."

**6.** Maryland Rule 2–534, concerning motions to alter or amend a judgment, provides:

2–535 [7] leave to the trial court's discretion the decision whether to revise or modify a judgment once entered. Modification is not automatic upon the filing of a timely motion or upon any preconceived set of circumstances; rather, the facts and circumstances of each case determine the outcome.

In its motion to vacate, the respondent relied, and it continues to do so in this Court, on the "standing scheduling policy" between its counsel and the District Court Assignment Office, whereby all of the cases filed by its counsel, in which notice of intention to defend is given, are scheduled on the same day, Tuesday. Counsel's reliance on that alleged arrangement, it argues, is a sufficient basis for the vacation of the judgment and, indeed, failure to, in effect, endorse the policy and vacate the judgment on that basis is an abuse of discretion. Additionally, in its brief, the respondent emphasizes the differences between this case and *Zdravkovich*—a motion to vacate was promptly filed in this case explaining the failure to appear, while none was filed in *Zdravkovich;* the trial date in the case *sub judice* was the first one, as contrasted with *Zdravkovich* where there had been a continuance by the plaintiff; and the court in this case acted sua sponte, without a motion from the petitioner, unlike in *Zdravkovich*, in which the parties moved for judgment. The respondent also thinks it significant that no attempt was made to contact its counsel when he did not appear even though it was the first trial date, maintaining, "[i]t is the general practice of the [D]istrict [C]ourt that when parties are represented by counsel, and one of those parties

"In an action decided by the court, on motion of any party filed within ten days after entry of judgment, the court may open the judgment to receive additional evidence, may amend its findings or its statement of reasons for the decision, may set forth additional findings or reasons, may enter new findings or new reasons, may amend the judgment, or may enter a new judgment. A motion to alter or amend a judgment may be joined with a motion for new trial."

7. Maryland Rule 2–535 governs the revisory power of the court. As relevant to the case *sub judice,* it provides:

"(a) *Generally.* On motion of any party filed within 30 days after entry of judgment, the court may exercise revisory power and control over the judgment and, if the action was tried before the court, may take any action that it could have taken under Rule 2–534."

does not appear for trial, that some effort is made by the court to contact the attorney failing to appear."

We are not persuaded. The respondent is correct; the discretion possessed by the trial court to exercise, within the thirty days following their entry, its revisory power over judgments is quite broad. But, as we have seen, the exercise is not subject to hard and fast rules and our review is not unbridled, and, in fact, is to be done with deference to the trial court.

A "standing scheduling policy" between counsel and the assignment office and the failure of the assignment office to comply with it, to counsel's detriment, are certainly factors to be considered by a trial court determining whether to excuse counsel's default. It is not dispositive, however. The trial court could have granted the relief requested on that basis, but it is not required to. It is not an abuse of discretion, however the trial court may rule. Insight into why this is so may be gained from a review of *Thodos v. Bland, supra,* 75 Md.App. 700, 542 A.2d 1307.

In that case, the intermediate court affirmed the judgment of the trial court denying the plaintiff's motion for a new trial where the plaintiff was a passenger in one of the two cars involved in an accident at an intersection controlled by a traffic signal. The defendants, the drivers of those cars, had cross-claimed against each other, averring that the accident was caused by the negligence of the other; and the jury answered the four issues submitted to it consistently with the plaintiff's having failed to meet her burden of proof. *Id.* at 705–06, 542 A.2d at 1310. The Court of Special Appeals concluded that the trial court had not abused its discretion, even though it was quite clear that the plaintiff was not responsible for the accident and that, by the court's ruling, the burden of loss was placed on the shoulders of the least blameworthy. *Id.* at 713, 542 A.2d at 1314. It explained:

"[W]hen the consequences of a particular exercise of discretion are clear, i.e., one result is clearly unjust and the other, clearly not, the limits of the exercise of discretion are

narrow.... On the other hand, when the consequences are not so clear, *i.e.*, no result is clearly just or unjust, the limits of the exercise of discretion are considerably broader. Indeed, in the latter situation, we will not find an abuse of discretion whichever way the trial court may choose to exercise discretion.... Pertinent to each of these situations is the additional consideration, whether, be it just or unjust, the result is lawful.

*Id.* at 712, 542 A.2d at 1313. Where the result is unjust, but also lawful, the unjustness of the result, alone, will not render the trial judge's exercise of discretion an abuse of discretion. We also said:

"In the instant case, it is unquestionably the case that the trial court's denial of appellant's new trial motion patently effects a real injustice to appellant. As we have seen, the record amply demonstrates that appellant was not, and, indeed, could not have been, responsible for the accident. Furthermore, the evidence demonstrates that the accident did not result from an act of God or unavoidable consequences. Notwithstanding the foregoing, the undeniable consequence of the court's action is to place the burden of loss on the shoulders of the least blameworthy of all of the parties to the action, appellant herself. On the other hand, the result effected by that exercise of discretion is a lawful one; the jury was at liberty to reach the conclusion that it did."

*Id.* at 712–13, 542 A.2d at 1314 (*citing Ogburn v. State,* 71 Md.App. at 510, 526 A.2d at 621). *See Dennard v. Green,* 335 Md. 305, 320–21, 643 A.2d 422, 430–31 (1994).

The respondent fares no better with its other arguments. The same analysis that is applicable to the "standard scheduling policy" applies equally to those factors in this case that differ from those present in *Zdravkovich.*

██ The Circuit Court found Rules 3–519 and 3–507 dispositive. Neither rule is applicable. Rule 3–519 applies only when evidence has been introduced. The Circuit Court accurately points out that no evidence was presented in this case

because neither the respondent nor its counsel appeared for trial. It does not follow from this fact, however, that the grant of judgment in this case was improper. As we have seen, Rule 3–306 controls this case and the grant of judgment pursuant to it does not require the presentation of evidence.

 Rule 3–507(b) permits dismissal of an action for lack of prosecution "at the expiration of one year from the last docket entry other than an entry made under this Rule, Rule 3–131, or Rule 3–132." Dismissal under this Rule is without prejudice. *See* Rule 3–507(c). Far from there being a lack of prosecution as contemplated by the rule, *see, e.g., J.T. Masonry Co., Inc. v. Oxford Const. Services, Inc.,* 314 Md. 498, 551 A.2d 869 (1989); *Powell v. Gutierrez,* 310 Md. 302, 529 A.2d 352 (1987), this case was set for trial and judgment on affidavit demanded by the respondent. Had the Rule applied, it would have been incumbent on the trial court to dismiss the case without prejudice, for that is precisely what the Rule requires. No such requirement is contained in Rule 3–306, which we have determined is controlling.

JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY REVERSED; CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO ENTER JUDGMENT IN FAVOR OF THE PETITIONER. COSTS TO BE PAID BY THE RESPONDENT.