**Rice v. James**

*James N. Falcon,* for plaintiff.
*Thomas W. Smith,* for defendant.

ACKERMAN, *J.,* December 2, 1991—This case is before the court on the plaintiffs' motion for post trial relief. On September 11, 1986, the plaintiff, Audrey Rice, was involved in an automobile accident. At trial, the defendant's counsel admitted that it was his client's negligence that caused the accident. Despite that admission, the jury returned a defense verdict.

At trial, Mrs. Rice testified extensively concerning the impact and the injuries which she claims to have sustained as a result of the accident. In addition, evidence was offered from her treating chiropractor, who testified that the plaintiff suffered and continues to suffer from various injuries as a result of this accident.

The defendant presented evidence contradicting the plaintiffs' claims. The defendant testified that the impact was so slight that it did not push the plaintiff's vehicle forward any distance, and that directly after the accident, Mrs. Rice indicated to the defendant that she was uninjured and that he did not observe any visible signs of injury to her. The defendant's expert, an orthopedic surgeon, who examined the plaintiff, testified that the cause of Mrs. Rice's continuing medical problems was a congenital hip condition and not the accident.

A new trial should not be granted where the evidence is conflicting and the jury might have found for either party, nor simply because the trial judge would have

reached a different conclusion on the same facts. *Myers v. Gold,* 277 Pa. Super. 66, 419 A.2d 663 (1980).

The plaintiffs argue that this is not a case involving conflicting medical testimony, but rather, one where both their chiropractor and the defendant's examining physician concluded that Mrs. Rice did sustain an injury as a result of the accident. According to the plaintiffs, the only conflict in the testimony is whether Mrs. Rice recovered from the injuries. If this were the case, a new trial would be warranted since it would be improper for a jury to render a defense verdict when negligence had been admitted, and there is no dispute that injuries had been sustained. *Bedillion v. Frazee,* 408 Pa. 281, 183 A.2d 341 (1961).

In support of their contention, the plaintiffs point to the testimony of the defendant's medical expert, Dr. William J. Mitchell, who testified via videotape as follows:

Q. "Now, Doctor, based upon your examination and X-rays and testing and so on, do you have an opinion to a reasonable degree of medical certainty as to any injuries that Mrs. Rice may have received in the accident in September 1986?"

A. "It is my opinion that she exhibits evidence of a healed neck sprain and a healed lumbar sprain as a result of those injuries she sustained in 1986." (Deposition transcript of Dr. William J. Mitchell, page 38.)

Expert medical opinion on causation need not be absolute nor stated in categorical terms, but it must establish the injury and causation with a reasonable degree of medical certainty. *Gradel v. Inouye,* 491

Pa. 534, 421 A.2d 674 (1980). Dr. Mitchell's testimony that Mrs. Rice suffered a cervical and lumbar strain from the accident which had since healed satisfies this requirement. The plaintiffs, therefore, are entitled to relief.

However, the jury's only error in this case was its failure to award damages arising out of the cervical and lumbar strain which Dr. Mitchell allowed as coming from the accident, but which has since healed. The jury did not err in refusing to believe the testimony of the plaintiffs and their expert witness concerning the other injuries and damages claimed. Therefore, a new trial will be granted but limited to the issue of determining the damages sustained by the plaintiffs as a result of the now healed cervical and lumbar sprain.

## ORDER

And now, December 2, 1991, a new trial, limited to the issue of what damages the plaintiff sustained as a result of the healed lumbar and cervical strain, is granted.