REGAN, Judge.
Plaintiff, Margie Johnson, instituted this suit against nine defendants, including seven corporations who are engaged in the operation of retail stores in a shopping center located in 2800 S. Claiborne Avenue in the City of New Orleans, and two “special officers” allegedly employed by all seven of the corporate defendants. She is endeavoring to recover $235,480.00 as damages for assault and battery perpetrated upon her by the “special officers” and the humiliation that she suffered as a result thereof.
Western Auto Supply Co., the only defendant with which we are concerned herein, failed to timely answer the foregoing suit, and the plaintiff in due course obtained a default judgment in the amount of $5,000.-00 against this defendant, from which it has prosecuted this appeal.
In confirming the default, the plaintiff testified that on May 8, 1962, she was *317 dragged from her automobile by the defendants, John Finn and Joe Williams, and removed to the storeroom of the Walgreen’s Drug Store where she was beaten by these men. She related that the assault and battery followed an incident in the shopping center’s parking lot when one of the defendants, in the pursuit of a small Negro boy, chased him into the path of her moving vehicle, which almost caused her to strike both the boy and the officer.
Plaintiff seeks redress from this defendant in conformity with the doctrine of respondeat superior and asserts in her petition that the defendant is one of the employers of the two “special officers”. However, there is not one scintilla of evidence inscribed in the record which reveals the existence of an employer-employee relationship between the defendant and the tort-feasors. In fact, the plaintiff failed to prove her case with that certainty required by the existing law when she testified that she did not know by whom the “special officers” were employed.
The LSA-Code of Civil Procedure, Article 1702 provides in part that:
“A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. * + # ”
The proof adduced herein by the plaintiff clearly falls short of the rationale contained in the above article since, to reiterate, it fails to reveal the existence of an agency relationship between the tortfeasors and the defendant.
We, therefore, conclude that the default judgment was improvidently rendered, and in the interest of justice, we are of the opinion that the matter should be remanded in order to afford both litigants an opportunity to present their respective positions anew in the trial court.
For the reasons assigned, the judgment appealed from is set aside, and this matter is now remanded so as to permit both the plaintiff and the defendant to present, on the merits, their respective positions in the lower court.
Costs of this appeal are to be borne by the plaintiff.
Remanded.