MILLER, Judge.
Defendants Mr. and Mrs. David Desho-tels, Sr. appeal a confirmation of default judgment awarded to plaintiffs Mrs. Lucille D. Guillory and her children. The claim was based on the alleged negligence of the Deshotel’s minor son. The evidence presented at the confirmation of default trial was transcribed, and reveals that there is no evidence (nor was there an allegation to establish) that defendants’ minor son was unemancipated. There was no evidence to establish that defendants’ minor son resided with his parents or was placed by them under the care of other persons. We reverse.
LSA-C.C. Art. 2318 provides in part that:
“The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemanci-pated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.”
On confirmation of default the plaintiff must prove every essential element of his cause of action. LSA-C.C.P. Art. 1702. Verrette v. Saltzman & Gordon Welding Service, Inc., 248 So.2d 876 (La.App. 3 Cir. 1971); Johnson v. Walgreen Louisiana Company, 160 So.2d 316 (La.App. 4 Cir. 1964).
Plaintiff cites several cases holding that a recital in the judgment that the law and evidence is in favor of plaintiff is equivalent to a recital that proof of the correctness of plaintiff’s demand has been adduced. Those cases are distinguished *506 for the reason that there was no transcript of evidence in those cases. Here we have a transcript of evidence which shows that plaintiffs failed to prove essential elements of their cause of action.
As to defendants Mr. and Mrs. David Odiay Deshotels, Sr., the trial court’s judgment is reversed and dismissed without prejudice. All costs both at trial and on appeal are assessed to plaintiffs-appellees.
Reversed.