410 So.2d 1247 (1982)
PHILIP WHITE PLUMBING COMPANY, INC., Plaintiff-Appellee,
v.
BARICEV/WAGUESPACK, LTD., et al., Defendants-Appellants.
No. 8473.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1982.
Seidel & Bailey, Fred K. Bailey, Lafayette, for defendants-appellants.
William H. Lambert, Lafayette, for plaintiff-appellee.
Before CULPEPPER, FORET and CUTRER, JJ.
FORET, Judge.
Philip White Plumbing Company, Inc. (plaintiff) brought this action to enforce a labor and materialman's lien and to collect certain amounts due on open account. O.S. South Louisiana, Inc. and Baricev/Waguespack, Ltd. were named defendants.
The trial court rendered judgment in favor of plaintiff upon confirmation of a default judgment. Plaintiff obtained the default judgment when defendants failed to answer its petition, within the time prescribed by law, after having been properly served with it and cited to appear.[1]
Defendant, Baricev/Waguespack, Ltd., brings this suspensive appeal from the judgment rendered against it and raises the sole issue of whether or not plaintiff has *1248 carried its burden of proof necessary to confirm a judgment of default.

FACTS
Plaintiff instituted this action on February 3, 1981, alleging that defendants were indebted to it for building materials and labor it delivered to a construction site in Lafayette. Apparently, O.S. South Louisiana, Inc. had entered into an agreement with Baricev/Waguespack, Ltd. for the construction of a commercial building at the site. Plaintiff alleged that defendants were indebted to it in the sum of $8,931.00 for the materials and labor supplied and for 25% attorney's fees. Plaintiff further alleged that defendant, Baricev/Waguespack, Ltd. was indebted to it in the sum of $1,545.00 for building materials, plumbing labor and a water meter tap permit furnished it by plaintiff. These items were apparently delivered to the same construction site. Plaintiff recorded a notice of lis pendens describing the property at the site.
The record shows that personal service and citation was made on agents of the defendants. Plaintiff obtained a preliminary default judgment on March 13, 1981. Confirmation of the default judgment was rendered on March 19, 1981.

PLAINTIFF'S BURDEN OF PROOF
Defendant contends that plaintiff failed to meet its burden of proof necessary to confirm a judgment by default. We agree.
LSA-C.C.P. Article 1702 provides:
"Art. 1702. Confirmation of default judgment
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
When the sum due is on an open account, promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required. Amended by Acts 1968, No. 88, § 1."
The record contains no itemized statement of account showing what, or when, building materials and labor were supplied to defendant, Baricev/Waguespack, Ltd. It also contains no affidavit or testimony, or any evidence whatsoever, with respect to the correctness of such an account. We find that plaintiff has fallen far short of establishing a prima facie case against Baricev/Waguespack, Ltd.
In order to obtain reversal of a default judgment appealed from, or to obtain a remand, defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and that it is correct. Succession of Rock v. Allstate Life Insurance Co., 340 So.2d 1325 (La. 1976); Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972). However, this presumption does not exist where the record contains a note of the evidence introduced or a transcript of the proceedings in the trial court. Acme Poster Advertising Company v. State, Through Department of Highways, 352 So.2d 397 (La.App. 3 Cir. 1977); Guillory v. Deshotels, 254 So.2d 505 (La.App. 3 Cir. 1971); Schueler v. Schueler, 362 So.2d 1146 (La.App. 2 Cir. 1978).
The record before us apparently contains a complete transcript of the confirmation proceedings. Thus, there is no presumption that the trial court's judgment, rendered in the action before us, was based upon sufficient evidence and that it is correct. The transcript shows that plaintiff's counsel stated to the trial court that a document was attached to the petition showing there is an unpaid balance on open account in the sum of $1,545.00 owed to it by Baricev/Waguespack, Ltd. This document is nowhere in the record. In any event, an itemized statement of account without an affidavit or testimony attesting to its correctness provides an insufficient basis upon which to confirm a judgment by default.
*1249 For the above and foregoing reasons, that portion of the trial court's judgment rendered in favor of plaintiff and against Baricev/Waguespack, Ltd. is reversed and set aside and the case is remanded for further proceedings in accordance with law.
All costs of this appeal are assessed equally against plaintiff-appellee and defendant-appellant, Baricev/Waguespack,
Ltd. Assessment of costs in the trial court shall await final disposition of this matter.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] Defendant, O.S. South Louisiana, Inc. has failed to perfect an appeal from the trial court's judgment. Thus, the judgment is final as to it.