592 A.2d 498

**Dushko S. ZDRAVKOVICH**

v.

**BELL ATLANTIC–TRICON LEASING, CORP. et al.**

**No. 123, Sept. Term, 1990.**

Court of Appeals of Maryland.

July 22, 1991.

Richard P. Arnold, Silver Spring, for petitioner.

Samuel A. Bogash, Washington, D.C., and Danny B. O'Connor (Miles & Stockbridge, Frederick), all on brief, for respondents.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI, JJ., and MARVIN H. SMITH, Judge of the Court of Appeals (retired) specially assigned.

CHASANOW, Judge.

Dushko S. Zdravkovich (Zdravkovich) was before the District Court of Maryland as both a plaintiff and a defendant in two consolidated actions. He was present at the 8:30 a.m. docket call, but later that morning at approximately 11:00 a.m. when his cases were recalled for trial, neither he nor his attorney were present in the courtroom. The cases

proceeded in his absence. A default judgment was entered against Zdravkovich for $2,959.50 in the case in which he was a defendant, and judgment for the defendant was entered in the case in which he was a plaintiff. To further compound Zdravkovich's losses, in the case in which he was a defendant the District Court also assessed $2,000.00 attorney's fees against him because "he has not shown good faith." Later that morning, when Zdravkovich arrived back in the courtroom, he was told by the judge what had transpired and that he could appeal the judgments to the circuit court—which he did. On appeal, the circuit court not only affirmed the District Court's judgments and assessment of attorney's fees, but the circuit court also assessed additional attorneys' fees against Zdravkovich for taking the appeal. Zdravkovich, who also happens to be a member of the bar of Maryland, petitioned this Court for a writ of certiorari, which we granted. The petition seeks review of the manner of entry of the judgments in the District Court, as well as the assessments of attorneys' fees.

Since these cases were never tried on the merits, the facts underlying the controversy between the parties have never been determined. Some facts, however, are not in dispute. It is clear that Zdravkovich entered into a lease purchase agreement (the agreement) for a telex machine with Integrity Credit Corporation (Integrity) as the lessor. The agreement recites that American Communication Terminals, Inc. (Terminals) is the vendor of the telex machine. That agreement was never admitted into evidence, but it is included in the record as part of the pleadings. The agreement was the result of negotiations between Zdravkovich, Haldun Eren, and Patrick T. O'Connor (O'Connor). O'Connor is the president of Terminals. An unresolved area of dispute is whether there was an oral agreement that Zdravkovich had the right to terminate the agreement at any time. Zdravkovich's claim that he had the right to terminate the agreement at any time is not part of, and may be inconsistent with, the written agreement.

Apparently, Zdravkovich became dissatisfied with the machine and wrote to Integrity and Terminals that he wanted to terminate the agreement. He also stopped making payments. Sometime later, a suit was filed in the District Court by Bell Atlantic Tricon Leasing Corporation, Inc. (Tricon) against Zdravkovich (the Tricon case) seeking damages for breach of the agreement. Zdravkovich filed several pleadings claiming that he had a right to terminate the agreement and that the Tricon case should be dismissed because 1) there was no allegation of, or evidence of, any assignment from Integrity to Tricon, and 2) Tricon could not maintain the action, pursuant to Maryland Code (1975, 1985 Repl.Vol.), Corporations and Associations Article, § 7–301, since Integrity's right to do business in Maryland had been revoked. Zdravkovich also filed a separate action for fraud and breach of contract against Integrity, Terminals, and O'Connor (the O'Connor case) alleging that Integrity, Terminals, and O'Connor represented that he could terminate the agreement at any time. Integrity could not be served, but Terminals and O'Connor filed notices of intention to defend. On Zdravkovich's motion, the Tricon case and the O'Connor case were consolidated for trial in the District Court. Several other preliminary motions were filed, and there was at least one continuance obtained by Zdravkovich. Three weeks before the scheduled trial date, Zdravkovich filed another motion for continuance alleging, among other reasons, that his attorney "would be out of the area on the scheduled trial date, as a result of a long standing commitment." Three days before trial, Zdravkovich's motion for continuance was denied.

On the day set for trial of the consolidated cases, Zdravkovich and the attorneys representing Tricon, Terminals, and O'Connor all answered the 8:30 a.m. docket call. Following the docket call, Zdravkovich left the courtroom and went upstairs to represent a client in a domestic relations hearing in a circuit court case before Judge Casula. Zdravkovich apparently told the district court clerk that he would be in a hearing before Judge Casula. When the

cases were recalled in the District Court at approximately 11:00 a.m., the following is an excerpt of what occurred:

Judge: Is Mr. Zdravkovich's presence required here today?

O'Connor's Counsel: Yes, it is, Your Honor, he is the plaintiff in the case against my clients.

Tricon's Counsel: And he is the defendant in my client's case against him.

Judge: And he's trying a case in circuit court?

Clerk: Yes, he's still with Judge Casula.

Judge: Anyone have any requests to make?

O'Connor's Counsel: I'm going to request, Your Honor, that the case against my clients be dismissed. He had moved for a continuance which was denied in this case. He had plenty of opportunity to make arrangements to be present.

\* \* \* \* \* \*

O'Connor's Counsel: May I request as to the defendants [Terminals] and [O'Connor] that a judgment be entered in their favor for failure of the plaintiff to appear?

\* \* \* \* \* \*

Judge: Judgment in favor of the defendant.

\* \* \* \* \* \*

Judge: Terminals and [O'Connor] only—judgment. Judgment by default is that in favor of the defendant in this case. Now where are we?

\* \* \* \* \* \*

Tricon's Counsel: Again in my case, which is 21228, since Zdravkovich is not here, I'm asking that the court enter a default judgment in favor of [Tricon].

Judge: In what amount?

Tricon's Counsel: In the amount of—

Judge: Do you have a worksheet?

\* \* \* \* \* \*

Tricon's Counsel: In the amount of $2,959.50.

Judge: And you're entitled to costs in this as well.

Tricon's Counsel: My costs uh-and in this case, Your Honor, I may be out of line, but I really feel compelled to ask for attorney's fees above and beyond the amount of the $705.00 that we originally ask for in our first filing of—

 \* \* \* \* \* \*

Judge: And you're asking for how much?

Tricon's Counsel: Well I'm asking for $2,000.00. Here's why I think I should get it because I refer you to the independent action that Mr. Zdravkovich himself filed. In Count I paragraph 8, it says, as a result of this breach-no, no, no-paragraph 7, plaintiff had to employ an attorney to defend him in this action notwithstanding the fact that plaintiff has never entered into a contract with [Tricon]. Apparently the work Mr. Zdravkovich performed up until this point, which was a motion to dismiss, which was denied, a motion for continuance, which was granted, and this complaint, apparently he feels that's worth two thousand dollars. Now considering the fact that this is the third time that I have been involved in this case, that I have had a witness come down from New Jersey twice, and that he has pulled other people down from Baltimore. If he feels what he has done up until this point is worth two thousand dollars, I feel I should get two thousand dollars.

Judge: I think in this case the uh plaintiff [sic], Mr. Zdravkovich, has not shown good faith with the court, has not appeared, has not requested a continuance, although this member of the court routinely grants them. I was a practicing attorney for many years. I understand the problems of scheduling, particularly in a jurisdiction this crowded. I find that Mr. Zdravkovich has not shown good faith in this matter. I am going to award attorney fees in the amount that he thought was reasonable, two thousand dollars.

Tricon's Counsel: Thank you, Your Honor.

> Judge: Judgment will be entered in favor of the plaintiff against the defendant in that amount.

Sometime later that morning, when Zdravkovich appeared in the District Court, he was told by the judge what had transpired in his absence and that he had thirty days to note an appeal. Zdravkovich did so.

On appeal to the circuit court, Zdravkovich fared no better than he had in District Court. The circuit court affirmed the judgment in favor of Tricon for $2,959.50, as well as the award of $2,000.00 attorney's fees. The court also affirmed the judgment in favor of O'Connor and Terminals in the O'Connor case. Immediately after the circuit court decision, counsel in the Tricon case and counsel in the O'Connor case both filed motions for attorney's fees. Counsel for Tricon alleged that the appeal was frivolous and that an award of attorney's fees was "further justified as a sanction against defendant Zdravkovich for bringing this appeal in the first place and, hopefully, as a deterrent to continuing his efforts further." Both attorneys filed affidavits of counsel fees. Counsel for O'Connor sought $1,050.00 attorney's fees and counsel for Tricon sought $1,425.00. Zdravkovich filed oppositions to the motions for attorney's fees, as well as an extensive memorandum in opposition to the motions for attorney's fees. Without a hearing, the circuit court judge signed orders assessing $1,300.00 attorney's fees against Zdravkovich for the Tricon case appeal and $1,050.00 attorney's fees for the O'Connor case appeal. Those orders contain no findings of fact or reasons for the imposition of sanctions other than one statement in the O'Connor case order that it was entered "[u]pon consideration of the Motion for Order for Attorneys Fees filed herein ... and for the reasons stated therein...."

## THE DEFAULT JUDGMENTS

 Maryland Rule 3–509 sets out procedures for entry of a default judgment when a defendant fails to appear in court. Rule 3–306 also provides for judgment on affidavit,

but the judgments in the instant case were not based on affidavit. The only affidavit in the Tricon case was signed by Tricon's attorney. Counsel acknowledged that the affidavit was deficient and judgment on affidavit was not sought. Tricon sought and obtained a judgment by default.

Rule 3–509(a) provides for trial on default when a defendant "has failed to appear in court at the time set for trial." We will assume *arguendo* that Zdravkovich failed to appear at the time set for trial. The rule does not authorize the court to simply enter judgment for the plaintiff in the amount requested by plaintiff's attorney. Rule 3–509(a) still requires a hearing prior to entering a judgment by default when there was no request for judgment on affidavit filed and a defendant fails to appear for trial. That rule provides:

"(1) if the defendant did not file a timely notice of intention to defend, the plaintiff shall not be required to prove the liability of the defendant, but shall be required to prove damages;

(2) if the defendant filed a timely notice of intention to defend, the plaintiff shall be required to introduce prima facie evidence of the defendant's liability and to prove damages."

The District Court docket entries reflect that Zdravkovich filed a notice of intention to defend; therefore, Tricon should have been required to introduce prima facie evidence of Zdravkovich's liability. Regardless of whether Zdravkovich filed a notice of intention to defend, the plaintiff is still required to prove damages. Tricon contends that there was sufficient proof of damages in the District Court. Rule 3–509(a) requires that, before a default judgment is entered, a plaintiff must "prove damages." There was some suggestion that Tricon had a witness available in the District Court and a worksheet to establish damages, but did not call the witness or file the worksheet because Zdravkovich was not present and there was no objection to counsel's proffer of damages. In *Philip White, Etc. v. Baricev/Waguespack,*

410 So.2d 1247 (La.Ct.App.1982), a default judgment case similar to the instant case, the court stated:

> "The transcript shows that *plaintiff's counsel stated to the trial court* that a document was attached to the petition showing there is an unpaid balance on open account in the sum of $1,545.00 owed to it by Baricev/Waguespack, Ltd. This document is nowhere in the record. In any event, an itemized statement of account without an affidavit or testimony attesting to its correctness provides an insufficient basis upon which to confirm a judgment by default." (Emphasis added.)

*Id.* at 1248. Rule 3–509(a) requires *proof* of damages not a mere proffer of damages. There is no evidence in the record to support a damage award of $2,959.50. This is not a case of inadequate proof of damages; it is a case of total failure to prove damages. A mere announcement by counsel as to the amount of damages the plaintiff seeks does not constitute proof of damages. The failure to offer any evidence, other than counsel's statement as to the amount of damages sought, required reversal of the judgment obtained by Tricon against Zdravkovich.

We should point out that, if Tricon had filed a motion for judgment on affidavit and a proper affidavit under Rule 3–306, it may have been entitled to judgment. See also Rule 3–509(b) which allows proof of damages by affidavit in actions "for property damage." Tricon was not entitled to judgment pursuant to Rule 3–306 or Rule 3–509 as it failed to comply with those rules. The circuit court erred in affirming the Tricon judgment.

The judgment in favor of the defendants in Zdravkovich's suit against O'Connor and Terminals was not a judgment by default under Rule 3–509. That rule does not deal with the failure of a plaintiff to appear. The court could, however, grant a judgment in favor of the defendants based on plaintiff's failure to prove a prima facie case.

Zdravkovich's appeal was based on a meager district court record. The better procedure would have been to file

a motion for new trial pursuant to Rule 3–533 and supplement the record with proffers of why he was not in court, how long he was gone, the merits of his case, and why justice would require a new trial. The bare record from the District Court does not establish that the trial judge abused his discretion by proceeding with the trial in the O'Connor case in Zdravkovich's absence.

## ASSESSMENT OF COUNSEL FEES

Maryland Rule 1–341 provides that:

"In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification the court may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it."

Rule 1–341 can be an effective tool for the deterrence of unnecessary or abusive litigation. Unfortunately, like many tools, if improperly used or if abused, it is capable of inflicting excessive or unwarranted injury.

The assessments of attorneys' fees against Zdravkovich in both the district and circuit courts can only be described as unwarranted. The District Court failed to afford Zdravkovich the procedural safeguards to which an attorney or litigant is entitled before imposing sanctions in the form of attorneys' fees. The district and circuit judges both apparently applied the wrong standard, or no standard at all, in determining whether attorneys' fees should be assessed.

■ The constitutional guarantee of due process is applicable to an assessment of attorney's fees pursuant to Rule 1–341. *Talley v. Talley,* 317 Md. 428, 434–35, 564 A.2d 777, 780–81 (1989). Due process requires, at a minimum, that before sanctions are imposed pursuant to Rule 1–341, there must be notice and an opportunity to respond. *Id.; Blanton v. Equitable Bank Nat'l Ass'n,* 61 Md.App. 158, 166,

485 A.2d 694, 698–99 (1985); *see also Miranda v. Southern Pacific Transp. Co.*, 710 F.2d 516, 522–23 (1983). Although we need not decide in the instant case, a hearing may also be required if properly requested. *See Talley*, 317 Md. at 435, 564 A.2d at 780–81.

In the District Court, Zdravkovich had no notice that attorney's fees would be assessed pursuant to Rule 1–341. He was on notice that attorney's fees were being sought under the agreement, but the agreement called for "reasonable collection expenses and attorney's fees of 20% of the total unpaid rental for the balance of the term of the lease." In its complaint, Tricon sought 20% attorney's fees which it computed to be $705.86. The attorney's fees awarded, in the amount of $2,000.00, were over 66% of the judgment and were assessed, not because of any contractual obligation, but because Zdravkovich "has not shown good faith." The lack of notice and opportunity to respond requires that the District Court's award of attorney's fees be vacated.

The imposition of sanctions pursuant to Rule 1–341 requires an explicit finding that a claim or defense was "in bad faith or without substantial justification." The record must reflect that the trial judge made the requisite findings, as well as the basis for those findings. In *Talley*, Judge McAuliffe, writing for the Court, stated:

"The justification for this requirement [of an evidentiary finding of bad faith or lack of substantial justification] lies not only in the clear language of the rule, but also in the logic that before such an extraordinary sanction is imposed there should be evidence that there has been a clear focus upon the criteria justifying it and a specific finding that these criteria have been met. Moreover, some brief exposition of the facts upon which the finding is based and an articulation of the particular finding involved are necessary for subsequent review."

317 Md. at 436, 564 A.2d at 781.

The District Court's finding that Zdravkovich "has not shown good faith" is not the equivalent of a finding of "bad

faith" and cannot be the basis for the imposition of sanctions. In addition, based on our review of the record, there is insufficient evidence to justify a finding that Zdravkovich's conduct in defending the Tricon case was in bad faith. Apparently, the primary basis for the trial judge's assessment of attorney's fees was that Zdravkovich was not present when the case was called. This fact alone does not justify a finding of "bad faith."

The circuit court judge, when assessing attorneys' fees against Zdravkovich pursuant to Rule 1–341, also failed to make the requisite factual findings and to set forth the basis for the imposition of sanctions. In the Tricon case, the court's order simply recites that it is based on the judge "[h]aving reviewed the pleadings of counsel thereon, and any opposition thereto, and being otherwise fully advised in this matter...." The order makes no findings of bad faith or that the appeal was taken without substantial justification, and the record clearly would not support such findings. Zdravkovich's contention that the district court judge committed error was well founded and persuasive. There was more than "substantial" justification for the Tricon case appeal. There was neither an allegation, nor any basis for a finding, that Zdravkovich's appeal was pursued in bad faith.

In the O'Connor case appeal, the order assessing attorney's fees merely recites "[u]pon consideration of the Motion for Order for Attorneys Fees filed herein ... and for the reasons stated therein...." The judge made no express finding that the appeal was taken in bad faith or without substantial justification. In their motion for attorney's fees, O'Connor and Terminals never specifically allege that Zdravkovich's appeal was taken in bad faith or without substantial justification. The closest they come to such an allegation is in paragraph 7 of their motion where they state:

"7. As a result of the frivolous appeal pursued by the Plaintiff/Appellant herein, the Defendants/Appellees have been caused to incur One Thousand and Fifty Dol-

lars ($1,050.00) in attorneys fees as set forth in the Affidavit attached as Exhibit B. Since there was no basis in the record supporting the Plaintiff/Appellant's appeal as to [Terminals] and [O'Connor], these Defendants/Appellees respectfully submit that sanctions should be imposed against the Plaintiff and his co-counsel for pursuing a frivolous appeal."

The order signed by the circuit court judge does not establish that the judge expressly found bad faith or that the appeal was without substantial justification. Even if the judge had made such a finding, it could not be supported by the record.

The imposition of sanctions is to deter litigation that clearly lacks merit, but not to "stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985), *cert. denied*, 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987). In his appellate brief, Zdravkovich indicates that one of the bases for appeal was "the propriety of granting a judgment when it is known that [a litigant's] absence is caused by his appearance in another court." This issue, in its factual context, does not lack substantial justification, and there is no allegation or basis for a finding that Zdravkovich pursued his appeal in bad faith.

Rule 1–341 is not intended to simply shift litigation expenses based on relative fault. Its purpose is to deter unnecessary and abusive litigation. The imposition of sanctions requires explicit factual findings supported by the record, as well as the careful exercise of judicial discretion. The deterrent purpose of Rule 1–341 should be reemphasized because, in too many cases, the pleadings that evidence the most bad faith and the least justification are motions requesting costs and attorney's fees.

JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AFFIRMED IN PART AND REVERSED IN PART. ORDERS AWARDING ATTOR-

NEYS' FEES IN THE CIRCUIT COURT VACATED. CASE REMANDED TO THE CIRCUIT COURT WITH INSTRUCTIONS TO VACATE THE JUDGMENT OF THE DISTRICT COURT IN CASE NO. 050–21228–88 AND REMAND TO THE DISTRICT COURT OF MARYLAND FOR A NEW TRIAL. COSTS TO BE PAID BY THE RESPONDENTS.