657 A.2d 806

**Mohammed Kamran TAVAKOLI–NOURI**

v.

**Richard Alton MITCHELL.**

**No. 1362, Sept. Term, 1994.**

Court of Special Appeals of Maryland.

May 1, 1995.

---

Paul J. Weber, Annapolis, MD, (Mohammed Kamran Tava-koli–Nouri of Tehran, Iran on the brief), for appellant.

Christopher A. Conte (Lipshultz and Hone, Chartered on the brief), Silver Spring, for appellee.

Argued before WILNER, C.J., and ALPERT and MURPHY, JJ.

WILNER, Chief Judge.

Appellant appeals an order of the Circuit Court for Prince George's County dismissing his complaint because he failed (1) to appear at a settlement conference, and (2) to answer interrogatories. Essentially, appellant contends that the court abused its discretion in dismissing his case. We agree that it did, and we shall therefore reverse.

On December 2, 1993, through an attorney, Walter Pennington, appellant filed suit against appellee for injuries sustained as the result of an automobile accident occurring on Septem-

ber 19, 1993. He claimed that appellee negligently struck him as he was crossing the street. In February, 1994, appellee answered and filed interrogatories. On February 18, 1994, the court entered an order scheduling a pre-trial settlement conference for June 17, 1994.

We are informed by appellant—although some of this information is not in the record—that following the accident he was hospitalized for five months, first at the Washington Hospital Center, then at Fox Chase Nursing Home, later at Schwab Rehabilitation Hospital in Chicago, and finally at Ravenswood Hospital in Chicago. Appellant asserts that he was discharged from Ravenswood on February 24, 1994, and promptly returned to his native country of Iran for further treatment. Whether, and when, he notified his attorney of this move is in dispute.

It appears that, during this period, disagreements arose between appellant and Mr. Pennington, leading Pennington, on April 11, 1994, to move to withdraw his appearance. In his motion, Mr. Pennington asserted that, in a conversation with appellant on February 22, appellant had indicated a desire to pursue the matter himself, that he did not want Pennington to continue his representation, and that he would be sending a confirmatory letter. The attorney stated further that he had not yet received such a letter but that he had written to appellant, informing him that the motion would be filed. In his certificate of service, Mr. Pennington stated that a copy of the motion was sent to appellant at Ravenswood Hospital. The motion to withdraw was not granted until June 2, 1994, at which time the clerk sent a notice to employ new counsel. That notice was sent to appellant at Fox Chase Nursing Home. A copy of the order striking Pennington's appearance was sent to appellant at Ravenswood Hospital.

Appellant contends that, having been discharged from Ravenswood on February 24, and Fox Chase long before then, he never received the motion or, indeed, any other papers filed in the case, including the order withdrawing Pennington's appearance, the notice to employ new counsel, or the interroga-

tories earlier propounded by appellee. He claims that, upon his return to Iran, he was hospitalized for heart failure.

During March, counsel for appellee wrote twice to Mr. Pennington in an effort to obtain a response to his interrogatories. On May 13, he filed for sanctions. On June 6, 1994, the court, through Judge McCullough, ordered that appellant respond to all discovery within 30 days—i.e., by July 6—and directed that, if he failed to respond by that date, the complaint would be dismissed. The order was actually filed and docketed on June 9; a copy was mailed to Mr. Pennington, whose appearance had already been stricken, but not to appellant.

We are informed by appellant that, on June 14, 1994, he called Mr. Pennington from Iran and, for the first time, learned (1) that Pennington had withdrawn his appearance, and (2) that a settlement conference was scheduled on June 17—three days hence. He contends that he immediately called the court and eventually spoke to the judge's law clerk, who instructed him to "fax" a motion for extension of time and gave appellant the court's "fax" number. Appellant promptly did just that; he "faxed" to the judge a motion for extension of time. He averred that he had just learned of Pennington's withdrawal, that he had been severely injured in the accident, and that he was recuperating from a heart condition. He asked the court to "maintain his complaint" and for an extension of 60 days, or such time as the court found sufficient, to allow him to return to the United States and obtain another lawyer.

The court rejected those requests. In a Memorandum dated June 17 but filed June 21, 1994, the court stated:

> "Settlement Conference held this date in Chambers. Plaintiff did not appear. Although he has requested an extension by facsimile, he does not support it with an affidavit as required by the Maryland Rules nor does he show any reasonable probability that he will be able to be present at a future date. The Plaintiff also has not answered interroga-

tories and is in default. Case dismissed with prejudice and closed statistically."

Incredibly, in light of the "faxed" communication from Iran, a copy of this memorandum was mailed by the court to appellant at Ravenswood hospital.

■ As indicated, the court gave two reasons for dismissing appellant's complaint—failure to appear at the settlement conference and failure to answer interrogatories. The second of these reasons is patently inappropriate. Judge McCullough had given appellant until July 6 to file answers. There was no warrant for another judge, without further notice to appellant or anyone else, to ignore Judge McCullough's order and dismiss the complaint on June 17 or June 21 because answers had not been filed as of then.

■ Dismissal for failure to appear at the settlement conference, under the circumstances then known to the court, was a clear abuse of discretion. In Md.Rule 1–201(a), the Court of Appeals directed that the Maryland Rules be construed to "secure simplicity in procedure, *fairness in administration,* and elimination of unjustifiable expense and delay." (Emphasis added.) In *Powell v. Gutierrez,* 310 Md. 302, 308, 529 A.2d 352 (1987), the Court, in discussing Md.Rule 2–507, allowing dismissal for want of prosecution, made the point that dismissal even under that Rule should be deferred if the plaintiff demonstrates that he is ready, willing, and able to proceed with the prosecution of his claim and that the delay is not wholly without justification.

We recognize, and through recent amendments to the Title 2 and Title 12 Rules (which were not in effect when this case was dismissed) the Court of Appeals has recognized, the need for greater court control over the course of litigation. Cases cannot be permitted to linger at the will of the litigants or their attorneys. Scheduling and settlement conferences are important tools in promoting the efficient dispatch of pending cases and thereby helping to achieve the goal stated in Rule 1–201 of eliminating unjustifiable expense and delay. Appropriate sanctions may be imposed upon those parties and

attorneys who deliberately thwart the court in the exercise of its proper managerial role. But fairness in administration is equally important and necessarily must guide and limit the court in its management of cases.

The record before us, and the information available to the circuit court, demonstrate beyond question that appellant was serious about pursuing his case. This is not a case that had lingered; it was only six months old when it was dismissed. Appellant had called the judge from a hospital bed in Iran to seek a 60–day postponement, not of trial, but of a settlement conference, and he did what he was told to do by the judge's law clerk; he "faxed" a written request for a continuance.

With respect to the lack of an affidavit, we assume that the court had in mind the requirement of Rule 2–311(d) that a motion based on facts not contained in the record must be supported by affidavit. We note, however, that, although Rule 2–508(a) provides that the court may continue a proceeding on motion of a party, the Rule is not worded in such a way as to require that a request for continuance be made by motion. Even if it did, Rule 1–201(a) provides that, where a rule mandates conduct but does not prescribe the consequences of noncompliance, the court may determine the consequence of noncompliance "in light of the totality of the circumstances and the purpose of the rule."

Appellant contends, without contradiction, that the judge's law clerk never informed him of the need for an affidavit. There is no indication in the judge's memorandum that the judge questioned the truth or accuracy of appellant's assertion that he was then hospitalized in Iran or that he would return to the United States within 60 days or such other time as the court directed. We assume that the law clerk informed the judge of the conversation with appellant—a telephone call from Iran is hardly an everyday occurrence in the life of a law clerk in Upper Marlboro, Maryland—so some verification of appellant's assertions was immediately available.

In summary, this was not a case that should have been dismissed for the reasons stated by the judge. A reasonable

continuance should have been granted. Appellant is now back in the United States; he attended oral argument in this Court, he is now represented by an attorney, and he is anxious to prosecute his case. He is entitled to an opportunity to do so.

JUDGMENT REVERSED; APPELLEE TO PAY THE COSTS.